IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NATALIE DE ALCANTARA aka NATALIE SPEEDRACER,<br><br>          Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HUMAN SERVICES, MILIAMA ILOILO, HINDA DIAMOND, CHAD KOJIMA, LAURA BAILEY, HONOLULU POLICE DEPARTMENT, DOMINIC QUIACUSAN,<br><br>          Defendants. | CIVIL NO. 16-00275 LEK-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS DOMINIC QUIACUSAN AND HONOLULU POLICE DEPARTMENT'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS
DOMINIC QUIACUSAN AND HONOLULU POLICE DEPARTMENT'S
PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT

Before the Court is Defendants Dominic Quiacusan ("Officer Quiacusan") and Honolulu Police Department ("HPD") (collectively, "City Defendants") Petition for Good Faith Settlement ("Petition"), filed on November 16, 2017. The Petition seeks approval of the settlement entered on November 7, 2017, between City Defendants and Plaintiff Natalie De Alcantara aka Natalie Speedracer ("Plaintiff") pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5. On November 29, 2017, Plaintiff filed a filed a Statement of No Opposition. On December 13, 2017, Defendants Department of Human Services ("DHS"), Miliam Iloilo, Hinda Diamond, Chad Kojima, and Laura Bailey's (collectively, "State Defendants") filed a Position Statement,

1

stating that they take no position regarding the Petition other than to insist that City Defendants be placed on the verdict form as nominal parties for the purpose of apportioning liability and/or damages at trial, and that State Defendants' right to introduce evidence on the fault of others, including of City Defendants, be preserved.

This matter came on for hearing on December 20, 2017. Deputy Corporation Counsel Curtis E. Sherwood appeared for City Defendants, Deputy Attorney General Stanley M. Chow appeared for State Defendants, and Anthony "T.J." Quan appeared for Plaintiff. After carefully considering the parties' submissions, the relevant legal authority, and the arguments presented by counsel at the hearing, the court FINDS and RECOMMENDS that the City Defendants' petition be GRANTED for the reasons set forth below.

## BACKGROUND

The court recites only the background necessary for disposition of the instant motion. On May 31, 2016, Plaintiff filed a Complaint for Violation of Civil Rights ("Complaint") with the court. The Complaint alleged that on August 7, 2015, Plaintiff's three (3) minor children were removed from class at MaeMae Elementary school and questioned without parental consent and without notice of their rights. The Complaint also alleged that on September 1, 2015, Defendant Iloilo attempted to force

2

her way into Plaintiff's home under the pretext of a monthly check.  The Complaint further alleged that on November 23, 2015, Officer Quiacusan, Defendant Iloilo, and numerous unidentified officers and DHS employees entered her home without a warrant and removed the children from her custody, that DHS employees have since made defamatory statements against her in child custody proceedings, and that her parental rights have otherwise not been respected.  Plaintiff's Complaint sought custody of her children, damages from all defendants, and certain equitable relief against DHS.

On November 7, 2017, City Defendants and Plaintiff agreed to settle Plaintiff's claims against City Defendants.  Said agreement was served on State Defendants and filed under seal.

## DISCUSSION

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."  Haw. Rev. Stat. § 663-15.5(a).  A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity. Haw. Rev. Stat. § 663-15.5(d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
> (4) the predicted expense of litigation;
>
> (5) the relative degree of fault of the settling tortfeasors;
>
> (6) the amount of consideration paid to settle the claims;
>
> (7) the insurance policy limits and solvency of the joint tortfeasors;
>
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose

Troyer v. Adams, 102 Hawai`i 399, 427, 77 P.3d 83, 111 (2003). The non-settling alleged tortfeasor opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  HRS § 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment.  Whirlpool Corporation v. CIT Group/Business Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003).  The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith.  Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances, and there being no opposition, the court finds that the City Defendants and Plaintiff entered into the settlement in good faith.  The court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement and finds that the essential terms of the settlement agreement meet the purpose of HRS § 663-15.5 and are reasonable and in good faith.  The court recommends that the district court grant the Petition.

## CONCLUSION

After careful consideration of the City Defendants' Petition and the totality of the circumstances, the court hereby finds that the settlement between Plaintiff and the City Defendants is in good faith and recommends that the City Defendants' Petition be GRANTED.

The Court declines to rule on the nature of the verdict form or the State Defendants' ability to introduce evidence pertaining to the City Defendants' fault at trial.  These issues should be determined by the trial judge.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, January 11, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge

DE ALCANTARA V. DEPARTMENT OF HUMAN SERVICES, ET AL., CIVIL NO. 16-00275 LEK-KSC; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS DOMINIC QUIACUSAN AND HONOLULU POLICE DEPARTMENT'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT